UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL COUNCIL and RENEE BELL, KEN STRICKER, ROBERT CALHOUN, JIM SAUER, JAMES G. BRENNEN, MIKE SMEGNER, TIM SCHOOLFIELD, ALBERT BOND, DONALD J. BRUSSEL, JR., SCOTT BYRNE, KEVIN BYRNE, KEVIN HAMILTON, ROCKY KLOTH, and KEITH O. TAYLOR, in their representative capacities as trustees of the CARPENTERS' PENSION TRUST FUND OF ST. LOUIS, and RENEE BELL, KEN STRICKER, ROBERT CALHOUN, JAMES W. CARSON, JIM SAUER, JAMES G. BRENNEN, MIKE SMEGNER, TIM SCHOOLFIELD, ALBERT BOND, DONALD J. BRUSSEL, JR., SCOTT BYRNE, KEVIN BYRNE, KEVIN HAMILTON, DENNIS JOYCE, ROCKY KLOTH and KEITH O. TAYLOR, in their representative capacities as trustees of the CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS, and RENEE BELL, KEN STRICKER, ROBERT CALHOUN, JAMES W. CARSON, JIM SAUER, JAMES G. BRENNEN, MIKE SMEGNER, TIM SCHOOLFIELD, ALBERT BOND, DONALD J. BRUSSEL, JR., SCOTT BYRNE, KEVIN BYRNE, KEVIN HAMILTON, DENNIS JOYCE, ROCKY KLOTH, and KEITH O. TAYLOR, in their representative capacities as trustees of the CARPENTERS' VACATION TRUST FUND OF ST. LOUIS and RENEE BELL, ALBERT BOND, ROBERT BEHLMAN, KEVIN HAMILTON, MIKE WEIS, ROCKY KLOTH, KEVIN DEPTULA, JOHN GAAL, TIM SCHOOLFIELD, KEITH TAYLOR, MARK BOEHMS, SCOTT BYRNE, KENT KEIFNER, BOB MEYNELL, JAMES W. CARSON, and DENNIS JOYCE in their representative capacities as trustees of the CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS,<br><br>        Plaintiffs,<br><br>v. | Case No. |

| | |
|---|---|
| NIGEL'S FLOORING, LLC, | ) |
| a Missouri limited liability company, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiffs state as follows for their cause of action against defendant:

1.  Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185.  Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(e)(1) and (f).  Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2.  Plaintiff St. Louis – Kansas City Carpenters Regional Council (the "Union") is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities.  The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).  The Union maintains its principal offices within this judicial district.  The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by defendants.

3.  The Carpenters' Pension Trust Fund of St. Louis (the "Pension Trust"), the Carpenters' Health and Welfare Trust Fund of St. Louis (the "Welfare Trust"), and the Carpenters' Vacation Trust of St. Louis (the "Vacation Trust") (collectively referred to as "the Funds"), are all employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C.

2

§1002(3) and §1132(d)(1), and are multi-employer plans within the meaning of Sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145.  Plaintiffs Renee Bell, Ken Stricker, Robert Calhoun, Jim Sauer, James G. Brennen, Mike Smegner, Tim Schoolfield, Albert Bond, Donald J. Brussel, Jr., Scott Byrne, Kevin Byrne, Kevin Hamilton, Rocky Kloth and Keith O. Taylor constitute the joint board of trustees of the Pension Trust and are the plan sponsor of the Pension Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and are fiduciaries of the Pension Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Renee Bell, Ken Stricker, Robert Calhoun, James W. Carson, Jim Sauer, James G. Brennen, Mike Smegner, Tim Schoolfield, Albert Bond, Donald J. Brussel, Jr., Scott Byrne, Kevin Byrne, Kevin Hamilton, Dennis Joyce, Rocky Kloth and Keith O. Taylor constitute the joint board of trustees of the Welfare Trust and are the plan sponsor of the Welfare Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Welfare Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Renee Bell, Ken Stricker, Robert Calhoun, James W. Carson, Jim Sauer, James G. Brennen, Mike Smegner, Tim Schoolfield, Albert Bond, Donald J. Brussel, Jr., Scott Byrne, Kevin Byrne, Kevin Hamilton, Dennis Joyce, Rocky Kloth and Keith O. Taylor constitute the joint board of trustees of the Vacation Trust and are the plan sponsor of the Vacation Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Vacation Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Renee Bell, Albert Bond, Robert Behlman, Kevin Hamilton, Mike Weis, Rocky Kloth, Kevin Deptula, John Gaal, Tim Schoolfield, Keith Taylor, Mark Boehms, Scott Byrne, Kent Kiefner, Bob Meynell, James W. Carson and Dennis Joyce constitute the joint board of trustees of the Carpenters' Joint Training Fund of St. Louis and are the plan sponsor of the Training Fund within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are

fiduciaries of the Training Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.

4. Defendant Nigel's Flooring, LLC is a Missouri limited liability company in good standing.  Defendant conducts business within this judicial district and is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145.

5. The Agreement to which defendant is party requires the defendant to contribute to the Funds and other entities (including but not limited to the St. Louis Construction Training and Advancement Foundation and PRIDE) at rates determined pursuant to the Agreement, to forward to the Union amounts deducted from employees' paychecks as union dues, and to furnish to the Funds' offices a monthly statement showing the total number of regular and overtime hours worked by each employee from which the full amount of contributions and dues owed to the Funds and the Union may be computed.  The described payments are required by the Agreement to be made through a stamp purchase plan.

6. Under the terms of the Agreement, defendant has been and is bound to the trust agreements creating the Pension Trust, the Welfare Trust, and the Vacation Trust.

7. In violation of the Agreement and in violation of Section 515 of ERISA, 29 U.S.C. §1145, defendant has failed and refused to make all obligated contributions to the Funds and to forward to the Union all the deducted dues.  Plaintiffs have demanded appropriate payment, to no avail.

8. The Agreement authorizes the Union, the trustees, or both to conduct an audit of delinquent and possibly delinquent employers, including the defendant, in order to determine the full amounts owed.

9. Absent an audit and accounting, plaintiffs will be unable to determine the full amounts owed to them by defendant under the Agreement and ERISA.

10. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the defendant is liable to plaintiffs for all unpaid principal amounts due to the Funds, plus interest, liquidated damages or an amount equal to interest (whichever is greater), reasonable attorneys' fees, costs of this action, and whatever other legal or equitable relief the Court deems appropriate. Additionally, the Agreement requires the defendant to pay interest, liquidated damages, audit and accounting costs under certain conditions, court costs, attorneys' fees, and all other costs of collection, in addition to the principal amounts owed to the Funds and the Union.

11. Plaintiffs have no adequate remedy at law against defendant.

**WHEREFORE**, plaintiffs pray:

(a) That this Court enter judgment in favor of plaintiffs and against defendant for its delinquent contributions, plus liquidated damages and interest thereon;

(b) That this Court order the defendant to submit its books and records for an audit and accounting so that plaintiffs can determine the precise amount of defendant's delinquencies under the Agreement;

(c) That this Court enter its order, judgment, and decree against the defendant for the principal amount of the delinquencies, plus interest and liquidated damages, all in accordance with the Agreement and ERISA;

(d) That this Court enter its order, judgment, and decree against the defendant for plaintiffs' reasonable attorneys' fees, and for plaintiffs' costs, including court, accounting, auditing, and administrative costs, and for all of plaintiffs' other costs of collection;

   (e) That this Court order the defendant to specifically perform its contractual obligation to submit the required monthly statements and to make the required contributions and to provide stamps in a timely fashion;

   (f) That this Court order the defendant to specifically perform its contractual obligation to pay interest and liquidated damages on the principal amounts it has paid late or may in the future pay late; and

   (g) That this Court grant plaintiffs such other and further relief as the Court may deem just and proper, including, but not limited to, such additional relief as may be appropriate under 29 U.S.C. §1132(a)(3).

           Respectfully submitted,

           HAMMOND AND SHINNERS, P.C.
           7730 Carondelet, Suite 200
           St. Louis, Missouri 63105
           Phone: (314) 727-1015
           Fax:   (314) 727-6804

           /s/ Greg A. Campbell
           GREG A. CAMPBELL, #35381MO
           Attorney for Plaintiffs

## Certificate of Service

  The undersigned certifies that a copy of the foregoing has been electronically filed with the U.S. District Court on February 8, 2016, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

           /s/ Greg A. Campbell